W. W. MOLTHROP v. THE STATE.

No. 1805.   Decided May 22, 1912.

**1.—Local Option—Sufficiency of the Evidence—Conflict.**

Where upon trial of a violation of the local option law, the evidence, although conflicting, sustained the conviction, there was no error.

**2.—Same—Date.**

Where the date as to when prohibition was declared in force was immaterial, as the sale as alleged was made long thereafter, there was no error.

Appeal from the District Court of Lubbock. Tried below before the Hon. W. R. Spencer.

Appeal from a conviction of a violation of the local option law; penalty, one years imprisonment in the penitentiary.

The opinion states the case.

*Reeder & Dooley,* for appellant.—On question of insufficiency of the evidence: Johnson v. State, 52 Texas Crim. Rep., 554, 107 S. W. Rep., 816; Williams v. State, 48 Texas Crim. Rep., 75, 85 S. W. Rep., 1144; Bittix v. State, 48 Texas Crim. Rep., 232, 87 S. W. Rep., 348; Paris v. State, 61 Texas Crim. Rep., 503, 137 S. W. Rep., 698.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, Judge.—Appellant was indicted, tried and convicted for unlawfully selling intoxicating liquors after an election had been held, declared, etc., and prohibition properly put in force after the felony statute was in force, and his punishment fixed at one year in the penitentiary.

Appellant was not represented by counsel on the trial in the court below. No motion for a new trial was made, no bill of exceptions was taken, and the only assignment appellant now makes through his attorney, after the adjournment of the court, is that the evidence is insufficient to sustain the conviction. Appellant now argues the inconsistencies and claimed contradictions of the testimony of the sheriff of Lubbock County, the State's main witness. All these matters were for the jury and the lower court.

By an agreed statement prohibition by proper election was carried on May 28, 1910. The proper orders were made, published, and certified as required by law, and prohibition declared in force in said county on June 15, 1910. Whether this is a clerical error of *June* 15 instead of *July* 15 is wholly immaterial, because the election having been held and declared in force in June, 1910, it would be immaterial whether it was in *June* or *July,* 1910, as the sale is alleged and proven to have been made on June 15, 1911.

It is unnecessary to give any lengthy detailed statement of the evidence. We have carefully read and considered it. Mr. Flynn, the sheriff, testified positively that he saw, on said date, June 15, 1911, Stonefield, the party to whom the sale is alleged to have been made, pay to appellant one dollar, and that he saw the appellant go into the train where his grip was, get down over it, open it, and manipulate something therein, then close it up and walk out. Stonefield then paid him a dollar and went to this same grip, opened it, fumbled around therein and took a bottle out wrapped up in a particular kind of paper, attempted to put it in his hip pocket, but as he could not do so with the paper on it, took the paper off and went out with the bottle. The parties are shown to have been drinking after that on the same day. Later this grip was opened up and some seventeen pint bottles of whisky of a certain brand were found therein, and the bottle he saw Stonefield

take out of that grip was wrapped in the same kind of paper as each of the other seventeen bottles were when the grip was opened.

By one of appellant's witnesses he showed that he loaned to Mr. Stonefield one dollar on that date. Appellant in his testimony admitted that he had whisky in this grip, and that he took some of it out that day. He denied making a *sale* of whisky to Stonefield on that occasion, but admitted that he gave him a bottle of whisky that day. He denied that Stonefield paid him a dollar that day at all. The sheriff testified repeatedly and positively that he saw Stonefield give to appellant one dollar at that time, and it was shown just after this occurred appellant was seen arranging something in his grip, and immediately afterwards Stonefield went in to this same grip and got this bottle of whisky.

The evidence, in our opinion, is amply sufficient to sustain the verdict, and the judgment is affirmed.

*Affirmed.*